**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALEX MARTINEZ-ZAVALA,<br>Petitioner,<br>v.<br>JASON BENZEL, *et al.*,<br>Respondents. | Civil Action No. 26-13077 (JXN)<br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

Before the Court is Petitioner Alex Martinez-Zavala's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, arguing that he is unlawfully detained following a warrantless arrest in violation of his constitutional rights. (*See* ECF No. 1.) On October 16, 2026, Respondents filed a letter submitting that Petitioner is lawfully detained under § 1226(a) and an immigration judge ("IJ") denied him bond after an individualized bond hearing. (ECF No. 5; ECF No. 5-1.)

Petitioner, a citizen of Honduras, entered the United States in 2014 as an unaccompanied minor and was subsequently released to live with his mother. (ECF No. 1 at 11; ECF No. 1-2.) On December 20, 2026, Petitioner was arrested for driving while intoxicated. (ECF No. 1 at 8.) On October 1, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") officers. (*Id.*)

On October 7, 2026, Petitioner filed the instant Petition arguing that he is unlawfully detained because he was arrested without a warrant in violation of his constitutional rights. (*See generally id.*) Respondents filed an expedited response submitting that Petitioner is lawfully

detained under § 1226(a) and that an IJ denied him bond. (ECF No. 5.) Petitioner replied arguing that Respondents failed to respond to his warrantless arrest claim. (ECF No. 6.)

Under 28 U.S.C. § 2241(c)(3), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court has jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on the petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Petitioner is detained under 8 U.S.C. § 1226(a), which authorizes the Government to detain, conditionally parole, or release a non-citizen pending their removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018); *see also Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) ("Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)). Creating "statutory rights associated with a given immigration status falls exclusively within the purview of Congress." *Osorio-Martinez v. Att'y Gen. U.S.*, 893 F.3d 153, 172 (3d Cir. 2018). § 1226 and its implementing regulations require the Government to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). Accordingly, when the Government chooses to detain a non-citizen, the non-citizen may request a bond hearing before an IJ and appeal the IJ's decision to the Board of

Immigration Appeals ("BIA"). *See, e.g.*, *Borbot*, 906 F.3d at 278–79; 8 C.F.R. § 1236.1(d)(1) (non-citizens detained under § 1226(a) "may, at any time before [a removal order] becomes final" request a bond hearing before an IJ). At a bond hearing, the non-citizen has the burden of proving he is neither a danger to the community nor a flight risk. *Id.* at 279.

Petitioner has received a bond hearing as required under § 1226(a) and is lawfully detained under that Section and by order of the IJ. *Zheng*, 826 F. Supp. 3d at 554. As Petitioner has received the process owed to a non-citizen detained under § 1226(a), the Court will deny the Petition.

Petitioner argues that he was arrested without a warrant and that his arrest warrant was issued only after he was detained, rendering his subsequent detention unlawful. (*See generally* ECF No. 1.) Petitioner argues that he was not in active removal proceedings prior to his detention, so the warrant was issued after he was detained. (*Id.*) Petitioner provided the Court with an arrest warrant dated October 1, 2026, the same day of Petitioner's arrest. (ECF No. 1-6.) Because the warrant was issued immediately after Petitioner was detained, Petitioner's claim is now irrelevant because "[f]ollowing the signing of the warrant for arrest, Petitioner's detention has been pursuant to the warrant, and he is currently in custody pursuant to § 1226(a)." *Cocha Cocha v. Tsoukaris*, No. 26-9857, 2026 WL 2806733, at *2 (D.N.J. Sept. 18, 2026); *see Romero Cuero v. Mullin*, No. 26-12399, 2026 WL 2996333, at * 1 (D.N.J. Oct. 6, 2022) (finding warrantless arrest claim irrelevant when a warrant was issued and Petitioner was currently detained under § 1226(a)); *see also Par v. Jamison*, No. 26-3504, 2026 WL 1603299 at * 3-4 (E.D. Pa. June 4, 2026) (denying petitioner's challenge to a warrantless arrest, when Petitioner was subsequently lawfully detained under 8 U.S.C. § 1231); *Fernando C.C. v. Bondi*, No. 26-cv-1235, 2026 WL 446408 at * 5 (D. Minn. Feb. 17, 2026) (finding because a warrant was issued within hours of petitioner's arrest, that

warrant "authorized [petitioner's] continued detention pursuant to the discretionary detention framework of Section 1226(a)"). Accordingly,

**IT IS**, on this 6th day of November 2026,

**ORDERED** that Petitioner's Petition (ECF No. 1) is **DENIED** ***without prejudice***; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

**JULIEN XAVIER NEALS**
**United States District Judge**